GEORGE T. MILLER, Appellant, v. CHARLES BARNETT, Respondent.

Kansas City Court of Appeals, April 1, 1907.

1. **FOREIGN JUDGMENT: Summons: Appearance: Evidence; Appellate Practice.** In an action on a foreign judgment the service and appearance were both denied. There was substantial evidence warranting the finding. *Held,* the appellate court had no authority to set aside the verdict on the ground of being against the weight of the evidence as the trial court might.

2. ———; **Evidence: Harmless Error: Appellate Practice.** Though the trial court erred in excluding the answer to a certain question in a deposition, yet where the same fact was subsequently admitted the error is harmless.

3. ———: **Appearance: Instruction.** An instruction read that if the defendant himself or through another employed counsel, etc. The court amended by inserting between "another" and "employed" the words "person authorized by him to do so." *Held,* the insertion made no change and was not the subject therefore of complaint.

4. ———: **Service: Instruction: Defining Words.** While "served with process" is a technical phrase, yet under the circumstances and conditions of the case its use in an instruction was not prejudicial since no one would fail to comprehend its meaning.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

·AFFIRMED.

*J. B. Shackelford* and *J. A. Connett* for appellant.

(1) But however all this may be, the ground of the objection to this testimony is certainly merely formal, the testimony itself is most material; and such formal objections should be made at the time the deposition is taken, in order that an opportunity may be offered for their correction. Section 2906, R. S. 1899, allowing objections to the "competency or relevancy" of any question or answer to be made at the trial, does not confer any authority for making merely formal objections at such time. Glasgow v. Ridgeley, 11 Mo. 40; Patton v. Railway, 87 Mo. 122; Grain Co. v. Brubacker & Co., 80 Mo. App. 5; Holman v. Bachus, 73 Mo. 52; Hoyberg v. Henske, 153 Mo. 72; Pump Co. v. Green & Clark, 31 Mo. App. 270; Abbott v. Mining Co., 112 Mo. App. 554; Delventhal v. Jones, 53 Mo. 462; Enc. Pl. and Pr., 591, 595; Brown v. Railroad, 69 Mo. App. 418; Lumber Co. v. Lumber Co., 39 Mo. App. 219; Brown v. Wood, 19 Mo. 475; Burton v. Driggs, 87 U. S. 133; Error is pre-

sumptively prejudicial. State v. Taylor, 118 Mo. 161; Morton v. Heridorn, 135 Mo. 617. (2) That it is the duty of the court to define technical terms used in instructions and not well understood by the average juror is well settled in this State. Thus it has been held error not to define such terms as "warranty," "for valuable consideration," "acting in good faith," and such like— terms fully as well understood by the average juror as that here used. Mfg. Co. v. Ball, 43 Mo. App. 509; Dry Goods Co. v. Schooley, 66 Mo. App. 414; Com. Co. v. Hunter, 91 Mo. App. 337; Morton v. Heridorn, 135 Mo. 617.

*Brewster, Ferrell* and *Mayer* for respondent.

(1) Appellate courts never interfere with judgment to determine the questions of fact, where there is substantial evidence to support either of the theories presented. Kattleman v. Insurance Co., 79 Mo. App. 447; Love v. Insurance Co., 92 Mo. App. 192; Hurst v. Scammon, 63 Mo. App. 634; Saetelle v. Insurance Co., 81 Mo. App. 509; Hemebreich v. Carlos, 24 Mo. App. 264; Walker v. Owens, 25 Mo. App. 587; Herriman v. Railroad, 27 Mo. App. 435; Clark v. Shrimski, 77 Mo. App. 106; Kenney v. Railroad, 79 Mo. App. 204; Sitton v. Grand Lodge, 84 Mo. App. 208; Golden v. Tyer, 180 Mo. 196; Willmott v. Railroad, 106 Mo. 535. (2) The answer to question 12 cures the error if there be one in excluding answer to question 13. It tends to prove the same fact as answer to question 13 tends to prove. All the evidence both preceding and following question 13 refers to only one attorney namely, Judge Still. (3) The words "served with process" are not technical words and have no technical meaning. They are words of ordinary use, needing no interpretation, and it was not necessary that the court should have defined those words. "An attempt to define and simplify them would only confuse." (4) Complaint is made that the court in-

serted in plaintiff's second instruction the words "person authorized by him to do so." The insertion of these words could not have changed the meaning of this instruction.

ELLISON, J.—This action is based upon a judgment rendered against the defendant in the State of Kentucky. The result in the trial court was for the defendant.

The defense made at the trial was that the court in Kentucky had no jurisdiction over the person of the defendant. There was a return of process to the court in Kentucky wherein the proper officer certified to due service on the defendant on the 12th of July, 1904. The plaintiff, in addition to claiming that there was due personal service, introduced evidence tending to show that defendant appeared to the action by attorney. The defendant denied both the service and the appearance. There was evidence tending to show that defendant was not in the State of Kentucky when the return to the summons states that he was served, and for that reason we must hold that plaintiff's appeal is not well taken so far as concerns that branch of the defense.

But plaintiff's claim that defendant appeared to the action in Kentucky is not so easily disposed of. The evidence that he did so appear is strong. It seems that an attorney did appear to the action in behalf of the defendant. And the record shows, incidentally, that this attorney represented defendant in the taking of depositions in Kentucky in this action. Defendant does not deny that the attorney appeared to the action in Kentucky, but does deny that he had authority to do so. The evidence as to his authority was given in the deposition of Dr. Wood of Paris, Kentucky. He testified that defendant wrote him and authorized him to engage a lawyer, and that he did so. Defendant admitted that he wrote to Dr. Wood about the suit, but did not authorize

him to engage a lawyer. The letter itself was not produced.

It thus appears that there was evidence directly tending to support the idea of no authority on the part of the attorney. It is a fundamental rule that, while a trial court may set aside a verdict as being against the weight of the evidence, an appellate court has no such authority. The latter court only interferes when there is no substantial evidence. We must therefore affirm the judgment of the trial court unless there was error in the course of the trial.

Objections were made by defendant and sustained to question 13, asked in the deposition of Dr. Wood. Plaintiff contends that the objection was formal and should have been made when the deposition was taken. As to that we need not say. For it appears further on in the deposition that the witness testified to the identical fact asked about in the excluded question. We have considered plaintiff's suggestions on this head, but find that though it should be conceded that the ruling was erroneous, the evidence sought by the excluded question was given affirmatively in answer to the second question thereafter. If we consider the answer to question 12 and question and answer 14, with question and answer 1 on cross-examination and question and answer 3 on redirect examination, we are bound to conclude that there was no possibility for harm in the action taken by the court on question 13.

We have given attention to plaintiff's objections to the court's action on instructions. He asked an instruction which declared that if defendant "either himself, or through another, employed counsel to represent him," etc. The court amended this by inserting between the words "another," and "employed," the words "person authorized by him to do so." The insertion of those words added nothing to the instruction. It was a harmless amendment and therefore not subject of complaint.

Defendant's instruction "A" used the expression that the judgment was void "unless the defendant was served with process as contended by the plaintiff." It is insisted that "served with process," is a technical phrase. It may be that in some circumstances and conditions such words should be explained. But it is manifest from the record of the trial and the issues as presented, that they were understood in this case. Besides the plaintiff used, not the same words, but similar ones in his instructions. In instruction numbered 1, for him, there are phrases, "recital in said judgment," and "duly summoned," and "return of the constable," and "served with a copy of the summons issued in said suit," etc. We have no doubt that all these expressions, as used in instructions for either party, were thoroughly understood by the jury. No one, however unlearned, could have listened to the proceedings at the trial and failed to have comprehended their meaning.

We have given the record and the points of argument presented mature consideration and find that we have no valid reason for disturbing the judgment and it is accordingly affirmed. All concur.