## J. F. WILLIAMS v. GAIL BARNES, et al.

Springfield Court of Appeals, June 26, 1923.

1. **APPELLATE PRACTICE:** Verdict of Jury Conclusive on Disputed Facts. Appellate courts must leave disputed points of fact to the answer of the jury.

2. **BILLS AND NOTES:** Instruction Held not Misleading. In an action on a note defended on the ground of payment by conveyance of land in consideration of the release of certain notes, including the note on which the action was brought, instruction requiring the jury to find that the deed was given in consideration of the note being paid was not misleading merely because it mentioned the other notes which were to be released, since the note on which the action was brought was the subject of the instruction.

3. **APPELLATE PRACTICE:** Verdict not to be Complained of on Appeal Because of Insufficieny of Evidence unless Demurrer Filed. A plaintiff who did not file a demurrer to the evidence cannot complain on appeal of the insufficiency of the evidence to support a verdict for the defendant.

Appeal from the Circuit Court of New Madrid County. —*Hon. Sterling H. McCarty,* Judge.

AFFIRMED.

*A. M. Spradling* for appellant.

(1) The verdict in this cause is not supported by the evidence. It was the duty of the trial court to award appellant a new trial. Foley v. Harrison, 233 Mo. 460, 507; Lawson v. Mills, 130 Mo. 170, 172; Moore v. Railroad, 28 Mo. App. 622, 626. (2) The instruction given on behalf of defendant, telling the jury that they must find that the deed was given in consideration of the note being paid, and mentioning other notes not in this suit

was erroneous as it was broader than the proof adduced. Simms v. Dunham, 203 S. W. 652, 653; Northam v. Railroad, 176 S. W. 227; Beave v. Railroad, 212 Mo. 331, 353.

*Gallivan & Finch* for respondent.

Appellate court will not reverse judgment on ground that verdict is against the evidence and weight of evidence, this being addressed to the sound discretion of the trial court. Kinlen v. Railroad, 216 Mo. 145, 176; Miller v. Barnett, 124 Mo. App. 57; Bank v. Rogers, 123 Mo. App. 569, 570-571. The evidence was sufficient to support the verdict.

FARRINGTON, J.—Plaintiff sued the defendants on a note for $500. Defendants plead payment. On a trial in the circuit court the verdict of the jury was for the defendants, judgment followed in accordance with the verdict and plaintiff appeals, assigning as error:

First. That there is no evidence to support the verdict.

Second. That it was error to give respondents' instructions.

There are two other assignments but they go to the same questions raised in the first two grounds of error.

A recital of the evidence will disclose that there was sufficient evidence to submit the defense of payment. The facts disclose that plaintiff sold a farm to defendant Barnes, taking back notes secured by deed of trust. Defendant Barnes and others also executed the note sued on, which was not included in the mortgage. Defense was made on the notes given and included in the deed of trust. By agreement the defendant Barnes executed a warranty deed to plaintiff, reconveying the land to him, the consideration being placed in the deed at $6000. The land was originally bought by defendant Barnes from plaintiff for $5400, a federal loan of $2500 was procured by plaintiff and that turned over to defendant

Barnes. These facts are conceded, or at least not in dispute.

The question of fact at issue was the consideration in the deed re-conveying the property; that is to say, was plaintiff to surrender all the notes which he held against defendant Barnes or merely the ones secured by the mortgage, which did not include this note sued on. Plaintiff's evidence tends to show that this note was not in the deal, while defendant's evidence is that it was. While there are some circumstances which do not entirely corroborate the defendant's theory of the case, we cannot declare, as a matter of law, that there is not evidence in the record from which a jury could reasonably find that the note was paid as a part of the consideration for defendant's reconveying the property to plaintiff. Appellate courts must leave disputed points of fact to the answer of the jury. [Miller v. Barnett, 124 Mo. App. 57, 101 S. W. 155.]

The only instruction offered by respondents, and given, told the jury that in order to find for defendants they must find that the deed to the plaintiff was given in consideration of the note being paid, while it mentions the other notes which defendant testified were also to be released; the mentioning of them could not have been misleading for the reason that this note, which is the one sued on, is made the subject of the instruction. There could certainly be no misunderstanding of this instruction when read with plaintiff's instruction on what was necessary to find on the question of payment.

The evidence to support this verdict is rather weak, but no demurrer was filed, and in such situation appellant is in no position to complain. [Hodges v. Ramsey, 216 S. W. 568; Feltz v. Dunlap, 203 S. W. 651; Smith v. Greenstone, 208 S. W. 628; Berkshire v. Holcker, 202 Mo. App. 433, 216 S. W. 566.]

The verdict is supported by evidence introduced by defendant, and was arrived at under instructions containing no reversible error. The judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.